Justice Scalia,
with whom Justice Thomas joins, concurring.
I adhere to my view that limiting a jury’s discretion to consider all mitigating evidence does not violate the Eighth Amendment. See Walton v. Arizona, 497 U. S. 639, 673 (1990) (Scalia, J., concurring in part and concurring in judgment). Even accepting the Court’s jurisprudence to the contrary, however, this is arguably an easy case, given our reiteration in Johnson v. Texas, 509 U. S. 350,372 (1993), that a jury need only “be able to consider in some manner all of *25 a defendant’s relevant mitigating evidence,” and need not “be able to give effect to mitigating evidence in every conceivable manner in which the evidence might be relevant.” But since petitioner has not relied on Johnson, as Judge O’Scannlain did below, see Belmontes v. Brown, 414 F. 3d 1094, 1141—1142 (CA9 2005) (opinion concurring in part and dissenting in part), I am content to join in full the Court’s opinion, which correctly applies Boyde v. California, 494 U. S. 370 (1990).